1  TOMIO B. NARITA (SBN 156576)
   tnarita@snllp.com
2  JENNIFER L. YAZDI (SBN 301868)
   jyazdi@snllp.com
3  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
4  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
5  Facsimile:  (415) 352-2625

6  Attorneys for Defendant
   Comenity LLC
7

8              UNITED STATE DISTRICT COURT OF CALIFORNIA

9                   EASTERN DISTRICT OF CALIFORNIA

10 CHRISTOPHER TISLER,            ) Case No. 17-1316
                                  )
11         Plaintiff,              ) **NOTICE OF REMOVAL**
                                  )
12     vs.                         )
                                  )
13 COMENITY LLC; DOES 1 TO 10,    )
   inclusive,                      )
14                                )
                                  )
15         Defendant.              )
                                  )
16 _____ )

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

    PLEASE TAKE NOTICE that defendant Comenity LLC ("Defendant") hereby removes to this Court the state court action described below.

    1.    On November 3, 2017, a complaint was filed against Defendant by plaintiff Christopher Tisler ("Plaintiff"), in the Superior Court of the State of California in and for the County of Butte, in an action styled as *Christopher Tisler v. Comenity LLC*, case number 17CV03217.  A copy of the complaint ("Complaint") and other documents that were served on Defendant are attached hereto as **Exhibit A**.

    2.    This removal petition is timely under 28 U.S.C. § 1446(b) because Defendant was served with the Complaint on November 9, 2017 as reflected on the Service of Process Transmittal that is attached hereto as **Exhibit B**, and was provided with a copy of the Complaint on November 9, 2017.

    3.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and which may be removed to this Court by Defendant pursuant tot he provisions of 28 U.S.C. § 1441(a), because the Complaint asserts claims against Defendant arising under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.  See* Ex. A at ¶¶ 1-3, 16-18, 21-22.

    4.    As the Complaint was filed in the Superior Court of the State of California, County of Butte, venue in the Eastern District of this Court is proper.  *See* 28 U.S.C. § 1441(a) (providing for removal "to the district court of the United States for the district and division embracing the place" where the state court action is pending); 28 U.S.C. § 84(b) (The Eastern District comprises, inter alia, Butte County).

    5.    Defendant is represented by the undersigned.

//
//
//
//

1 | DATED: December 7, 2017

SIMMONDS & NARITA LLP
TOMIO B. NARITA
JENNIFER L. YAZDI

By: ___/s/ Jennifer L. Yazdi___
     Jennifer L. Yazdi
     Attorneys for Defendant
     Comenity LLC

# Exhibit A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

COMENITY LLC; DOES 1-10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHRISTOPHER TISLER,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
Superior Court of California
County of Butte
11/3/2017
Kimberly Flener, Clerk
By _____ Deputy
Electronically FILED

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* North Butte County Courthouse
1775 Concord Avenue,
Chico, CA 95928

**CASE NUMBER:** *(Número del Caso):* 17CV03217

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780 Woodland Hills, CA 91367, 877-206-4741

DATE: 11/3/2017     Clerk, by Kimberly Flener     , Deputy
*(Fecha)*     *(Secretario)* Kelly Anderson     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **Comenity LLC**
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☒ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

FILED
Superior Court of California
County of Butte
11/3/2017
By _____ Deputy
Electronically FILED

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF BUTTE
LIMITED JURISDICTION

CHRISTOPHER TISLER,

Plaintiff,

vs.

COMENITY LLC; DOES 1-10 inclusive,

Defendant.

Case No. 17CV03217

COMPLAINT

(Amount not to exceed $10,000)

1. Violation of Rosenthal Fair Debt Collection Practices Act; and
2. Violation of Federal Fair Debt Collection Practices Act

JURY REQUESTED

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "RFDCPA") and the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. PARTIES

2. Plaintiff, CHRISTOPHER TISLER ("Plaintiff"), is a natural person residing in Butte County in the state of California, and is a "debtor" as defined by Cal. Civ. Code §1788.2(h) and a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

Complaint - 1

3. At all relevant times herein, Defendant COMENITY LLC ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal. Civ. Code §1788.2(f), and "debt," as defined by 15 U.S.C. §1692a(5). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c) and FDCPA, 15 U.S.C. §1692a(6).

4. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

5. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### III. FACTUAL ALLEGATIONS

6. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7. Over the last year, Defendant has called Plaintiff numerous times thereby causing him to feel harassed, annoyed, and anxious.

8. Defendant called with such frequency to cause anyone to feel harassed, anxious, or annoyed.

9. In some of Defendant's calls to Plaintiff, Defendant used profane language.

10. Defendant represented to Plaintiff that he owed an amount to Defendant that he in fact did not owe.

11. Defendant repeatedly made threats to Plaintiff and then insisted that they did not make such threats, thereby lying to Plaintiff and misleading him.

12. Plaintiff disputed the debt, in writing, with Defendant, explaining he paid off the debt owed to Defendant.

13. Defendant admitted to Plaintiff that it incorrectly deferred the interest on the debt Plaintiff allegedly owes.

14. While Plaintiff disputed this debt with Defendant, Defendant continues to report to other financial institutions that Plaintiff's account is delinquent, result in Plaintiff unable to work with other financial institutions for various financial needs.

15. In or around July 2017, Plaintiff spoke with Defendant, where Defendant goaded Plaintiff to seek legal representation.

16. §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

17. Defendant's conduct violated the RFDCPA and FDCPA in multiple ways, including but not limited to:

   a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal. Civ. Code § 1788.11(d));

   b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal. Civ. Code § 1788.11(e));

   c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (15 U.S.C. § 1692d(5));

   d) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (15 U.S.C. § 1692d))

e) Falsely representing the character, amount, or legal status of Plaintiff's debt (15 U.S.C. § 1692e(2)(A));

f) Communicating or threatening to communicate credit information which is known or which should be known to be false (15 U.S.C. § 1692e(8));

g) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (15 U.S.C. § 1692e(10));

h) In connection with collection of an alleged debt, using obscene or profane language directed at Plaintiff (15 U.S.C. § 1692d(2));

i) In connection with collection of an alleged debt, using language the natural consequences of which is to abuse Plaintiff (15 U.S.C. § 1692d(2)); and

j) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (15 U.S.C. § 1692e(5));

18. As a result of the above violations of the RFDCPA and FDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff reincorporates by reference all of the preceding paragraphs.

20. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Actual damages;

B. Statutory damages for willful and negligent violations;
C. Costs and reasonable attorney's fees; and
D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF
## FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff reincorporates by reference all of the preceding paragraphs.

22. To the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Actual damages;
B. Statutory damages for willful and negligent violations;
C. Costs and reasonable attorney's fees; and
D. For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

23. Plaintiff hereby requests a trial by jury on all issues so triable pursuant to his rights under Article 1, Section 16 of the Constitution of the State of California.

Respectfully submitted this 3rd day of November, 2017.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>21550 Oxnard St., Suite 780<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: 877-206-4741   FAX NO.: 866-633-0228<br>ATTORNEY FOR (Name): Plaintiff, CHRISTOPHER TISLER | FILED<br>Superior Court of California<br>County of Butte<br>11/3/2017<br>Kimberly Flener, Clerk<br>By _____ Deputy<br>Electronically FILED |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Butte<br>STREET ADDRESS: 1775 Concord Avenue<br>MAILING ADDRESS: 1775 Concord Avenue<br>CITY AND ZIP CODE: Chico 95928<br>BRANCH NAME: North Butte County Courthouse | |
| CASE NAME:<br>Christopher Tisler v. Comenity LLC, et al. | |

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 17CV03217 |
|---|---|---|---|
| ☐ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☑ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   ☐ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☑ Other non-PI/PD/WD tort (35)

   **Employment**
   ☐ Wrongful termination (36)
   ☐ Other employment (15)

   **Contract**
   ☐ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)

   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)

   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)

   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☐ Other complaint (not specified above) (42)

   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): 2
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 3, 2017

Todd M. Friedman
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
    - Asbestos Property Damage
    - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
    - Medical Malpractice– Physicians & Surgeons
    - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
    - Premises Liability (e.g., slip and fall)
    - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    - Intentional Infliction of Emotional Distress
    - Negligent Infliction of Emotional Distress
    - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
    - Legal Malpractice
    - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
    - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    - Negligent Breach of Contract/ Warranty
    - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
    - Collection Case–Seller Plaintiff
    - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
    - Auto Subrogation
    - Other Coverage
- Other Contract (37)
    - Contractual Fraud
    - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
    - Writ of Possession of Real Property
    - Mortgage Foreclosure
    - Quiet Title
    - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
    - Writ–Administrative Mandamus
    - Writ–Mandamus on Limited Court Case Matter
    - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
    - Review of Health Officer Order
    - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
    - Abstract of Judgment (Out of County)
    - Confession of Judgment *(non-domestic relations)*
    - Sister State Judgment
    - Administrative Agency Award *(not unpaid taxes)*
    - Petition/Certification of Entry of Judgment on Unpaid Taxes
    - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
    - Declaratory Relief Only
    - Injunctive Relief Only *(non-harassment)*
    - Mechanics Lien
    - Other Commercial Complaint Case *(non-tort/non-complex)*
    - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
    - Civil Harassment
    - Workplace Violence
    - Elder/Dependent Adult Abuse
    - Election Contest
    - Petition for Name Change
    - Petition for Relief From Late Claim
    - Other Civil Petition

CM-010 [Rev. July 1, 2007]   **CIVIL CASE COVER SHEET**   Page 2 of 2

# Exhibit B

# CT Corporation

Service of Process Transmittal
11/09/2017
CT Log Number 532271907

| | |
|---|---|
| TO: | Litigation Intake<br>Alliance Data Systems<br>3100 Easton Square Pl<br>Columbus, OH 43219-6232 |
| RE: | **Process Served in Ohio** |
| FOR: | Comenity LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | CHRISTOPHER TISLER, PLTF. vs. COMENITY LLC, DOES 1-10 INCLUSIVE, DFTS. |
| DOCUMENT(S) SERVED: | Summons, Complaint, Attachment(s) |
| COURT/AGENCY: | Butte County - Superior Court, CA<br>Case # 17CV03217 |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Columbus, OH |
| DATE AND HOUR OF SERVICE: | By Process Server on 11/09/2017 at 11:10 |
| JURISDICTION SERVED : | Ohio |
| APPEARANCE OR ANSWER DUE: | Within 30 calendar days after this summons |
| ATTORNEY(S) / SENDER(S): | Todd M. Friedman, Esq.<br>Law Offices of Todd M. Friedman, P.C.<br>21550 Oxnard St.<br>Suite 780<br>Woodland Hills, CA 91367<br>877-206-4741 |
| ACTION ITEMS: | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0122708599<br><br>Image SOP<br><br>Email Notification,  Litigation Intake  ga-litigationintake@alliancedata.com<br><br>Email Notification,  Joseph Motes  joseph.motes@alliancedata.com<br><br>Email Notification,  Matthew Blosco  Matthew.Blosco@alliancedata.com<br><br>Email Notification,  Andrea Dent  Andrea.Dent@alliancedata.com<br><br>Email Notification,  Alexandria Woods  Alexandria.woods@alliancedata.com<br><br>Email Notification,  Garychka Sylvain  Garychka.Sylvain@alliancedata.com<br><br>Email Notification,  Olimatta Strickland  Olimatta.Strickland@alliancedata.com<br><br>Email Notification,  Kelli Hunt  kelliw.hunt@alliancedata.com<br><br>Email Notification,  James Mackey  James.Mackey@alliancedata.com |

Page 1 of  2 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

● CT Corporation

**Service of Process Transmittal**
11/09/2017
CT Log Number 532271907

| | |
|---|---|
| **TO:** | Litigation Intake<br>Alliance Data Systems<br>3100 Easton Square Pl<br>Columbus, OH 43219-6232 |
| **RE:** | **Process Served in Ohio** |
| **FOR:** | Comenity LLC  (Domestic State: DE) |

| | |
|---|---|
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 4400 Easton Commons Way<br>Suite 125<br>Columbus, OH 43219 |
| **TELEPHONE:** | 617-531-5859 |

Page 2 of  2 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.